IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37165-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COREY J. WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — In January 2019, Corey Williams filed a motion for arrest of

judgment in Benton County Superior Court cause no. 15-1-01178-6, a prosecution in

which he had been originally charged in October 2015. Jurors had returned verdicts

finding him guilty of residential burglary and second degree theft almost three years

earlier. Judgment and sentence had been entered and appealed, and his convictions had

been affirmed by this court in spring 2018. *State v. Williams*, No. 34171-2-III (Wash. Ct.

App. Apr. 3, 2018) (unpublished).[1]

The trial court orally ruled on the motion in February 2019 and signed findings,

conclusions and an order on the motion to arrest judgment in March 2019. In addition to

---

[1] Https://www.courts.wa.gov/opinions/pdf/341712_unp.pdf.

making findings about the outcome of the 2016 criminal trial and the 2018 appeal, the

court found that Mr. Williams's

> current motion argues that there was insufficient evidence to support the conviction for Residential Burglary because the property was abandoned by the owner, Gail Timmins, that Ms. Timmins had no knowledge that the defendant entered onto the property and that the defendant had placed a lien of the property which gave him the right to possess the property under the Uniform Commercial Code (UCC).

Clerk's Papers (CP) at 75. From these findings of fact, the trial court concluded:

1. The defendant's Motion to Arrest Judgment is not timely and is denied.

2. However, the Court will address the defendant's substantive arguments pursuant to CrR 7.8 or RCW 10.73.090.

3. The defendant's motion, if brought under CrR 7.8 or pursuant to RCW 10.73.090, would be timely.

4. To address the defendant's substantive arguments:

   a) Whether Ms. Timmins abandoned the real property is irrelevant. She was still the owner of the property.

   b) Whether she had knowledge that the defendant had entered the real property is irrelevant. The State must prove that the defendant had knowledge he was unlawfully entered [sic] property but not that the victim knew of the unlawful entry.

   c) The Claim of Lien was filed under RCW 60.04, which is titled "Mechanics' and Materialmens' Liens." Such liens do not give the lien holder a right of possession. The UCC is not applicable.

5. The defendant has not made a substantial showing that he is entitled to relief.

6. Rather than transferring the motion to the Court of Appeals, this Court will deny the defendant's motion, which will allow him to appeal from this order if he so decides.

CP at 76.

Mr. Williams appeals.

ANALYSIS

Appearing pro se, Mr. Williams appeals the denial of his January 2019 motion to arrest judgment in this 2016 prosecution. The motion lacked any explanation of its basis. The grounds appear to have been set forth in a supporting affidavit from Mr. Williams, to which both the State's opposition to the motion and the trial court's order refer. The superior court docket indicates that an affidavit was filed on the same day as the January 2019 motion. Unfortunately, Mr. Williams failed to designate the affidavit for inclusion in the clerk's papers, and it is therefore not a part of the record on review. The appellant bears the burden of providing an adequate record for our review. *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 345, 760 P.2d 368 (1988). If the appellant fails to meet the burden, the trial court's decision generally stands automatically. *Id.* Since Mr. Williams does not challenge the trial court's fourth finding summarizing the argument in the January 2019 motion, we will, as an accommodation to Mr. Williams, treat the finding as an accurate statement of his arguments.

Two of Mr. Williams's assignments of error involve matters that were not raised by his January 2019 motion. The court could not err by failing to address them.

3

One complains that a motion to arrest judgment that Mr. Williams filed in late February 2016 was never heard, which he contends violated his right to due process.[2] A failure to address a different CrR 7.4 motion made in 2016 is not properly part of the appeal of an order that *does* decide a different CrR 7.4 motion made in January 2019.

The second complains of an asserted *Brady*[3] violation. But as the State points out, discovery violations are not a basis for a CrR 7.4 motion and Mr. Williams's January 2019 motion did not assert a discovery violation.

We turn to Mr. Williams's two assignments of error that directly relate to his January 2019 motion and the decision denying it.

*Assignment of Error Two:*

*"By entering in 'knowledge' in place of 'intent' in the new findings of fact and conclusions of law relieves the State of their mandatory burden to prove every element of residential burglary beyond a reasonable doubt."* Appellant's Br. at 1.

As summarized by the trial court, one part of Mr. Williams's arguments in his January 2019 motion to arrest judgment was that "there was insufficient evidence to support the conviction for Residential Burglary *because the property was abandoned by the owner, Gail Timmins, [and] Ms. Timmins had no knowledge that the defendant*

---

[2] The State contends the motion was never noted for hearing in accordance with local rules. Mr. Williams asserts that it was, and attaches two documents to his reply brief as proof. Neither was designated for inclusion in the clerk's papers, however, and we will rely only on the certified record from the superior court clerk.

[3] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

*entered onto the property.*" CP at 75 (emphasis added). Evidence at Mr. Williams's 2016 trial established that Ms. Timmins, who owned one of the burgled homes, had become unable to make the mortgage payments, had received collection notices, and, expecting the mortgagee to foreclose, had moved out before the burglary. *Williams*, slip op. at 7. Mr. Williams asked that the jury be instructed that her abandonment of the home was a defense to the residential burglary charge. *Id.* at 8.

This court affirmed the trial court's refusal to instruct on abandonment as a defense to residential burglary. *Id.* at 15-17. We observed that abandonment is a statutory defense to criminal trespass in the first degree, but the legislature has not identified abandonment as a defense to residential burglary. *Id.* at 15-16. We observed that this court "has repeatedly held that the jury need not be instructed on abandonment as a defense to residential burglary." *Id.* (citing cases).

Turning back to the 2019 motion, Mr. Williams points out that the findings that respond to his abandonment argument include one statement of law that is incorrect. The trial court's conclusion of law 4(b) states, "Whether [Ms. Timmins] had knowledge that the defendant had entered the real property is irrelevant. *The State must prove that the defendant had knowledge he was unlawfully entered* [sic] *property* but not that the victim knew of the unlawful entry." CP at 76. The court correctly stated that whether Ms. Timmins had knowledge that Mr. Williams entered the real property is irrelevant and that the State did not need to prove that she knew of the unlawful entry. The trial court

misspoke when it stated that to prove residential burglary, the State must prove that a defendant knew he was unlawfully entering. Rather, for residential burglary, the State must prove that the defendant entered a residence unlawfully, with an intent to commit a crime therein.

The court's bottom line response to Mr. Wlliams's substantive argument was still correct, however: it *was* irrelevant that Ms. Timmins was unaware of Mr. Williams's entry onto the property. The court's misstatement of the law was inconsequential.

*Assignment of Error Three:*

*"[T]he Honorable Judge Spanner abuse[d] his discretion by not weighing in evidence and testimony in a factual hearing about abandonment when the fact finder has brought in a new [finding] of fact and conclusion of law outside the jury verdict."* Appellant's Br. at 2

Following Mr. Williams's valid point that "knowledge one is unlawfully entering property" is not an element of residential burglary, he makes a head-spinning argument that the trial court relieved the State of its burden of proving first degree residential burglary at the 2016 trial.

The argument appears to go like this: (1) In the 2019 order, the trial court made findings about what the State had been required to prove at the 2016 trial, (2) the "knowledge of unlawfully entering property" the court states was required to be proved was less than the "unlawful entry/intent to commit a crime" culpability that the State actually needed to prove, (3) the State therefore was not required during the 2016 trial to

6

prove the elements of residential burglary beyond a reasonable doubt, and (4) the court should have instructed on the lesser included crime of first degree criminal trespass.

The problem is that the March 2019 order did not make findings about what the State was required to prove at the 2016 trial. It made a general statement about what proof of residential burglary requires and, in one particular, misspoke. To determine what the State was required to prove at the 2016 trial, we would look at the 2016 jury instructions and the jury's verdict. One could also look at this court's 2018 decision affirming the conviction. The instructions correctly state the elements of first degree residential burglary and the jury's verdict establishes that the elements were proved to its satisfaction.

What the trial court was doing in the March 2019 order was explaining why the abandonment issue raised by Mr. Williams was irrelevant. In providing that explanation, the judge included one inconsequential misstatement of law. We can substitute a correct statement of law for the court's misstatement and the court's bottom line—that Ms. Timmins's lack of knowledge was irrelevant—still holds true:

> Whether [Ms. Timmins] had knowledge that the defendant had entered the real property is irrelevant. *The State must prove that the defendant entered the residence unlawfully, with the intent to commit a crime therein*, but not that the victim knew of the unlawful entry.

*Compare to* CP at 76.

7

Denial of the CrR 7.8 motion is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Fearing, J.